Robert **FARMER**, Appellant–
Respondent,

v.

Susan **FARMER** n/k/a Susan Feliciano,
Appellee–Petitioner.

No. 45A05–0004–CV–145.

Court of Appeals of Indiana.

Sept. 19, 2000.

Jeffrey D. Best, Highland, Indiana, Attorney for Appellant.

Laura J. Conyers, Thomas L. Kirsch & Associates, Munster, Indiana, Attorney for Appellee.

## OPINION

BARNES, Judge

### Case Summary

Robert Farmer appeals portions of the trial court's Amended Order on Citation and Visitation ("amended order") with respect to child support, visitation, and attorney fees. We affirm in part, reverse in part, and remand.

### Issue

Farmer raises two issues, which we consolidate and restate as whether portions of the amended order are erroneous because it commingles the issues of child support, visitation, and attorney fees.

### Facts[1]

Farmer and his former wife, Susan Farmer n/k/a/ Susan Feliciano, have a thirteen-year-old daughter. Feliciano has custody of the child. On July 1, 1999, the parties appeared on all pending matters, including Feliciano's Petition for Rule to Show Cause for failing to pay child support and Farmer's Petition to Modify Visitation. A few weeks later, the trial court entered a contempt citation and visitation order.

On August 16, 1999, Farmer filed a Motion to Correct Errors Or, In The Alternative, Motion to Set Aside Order. The hearing on the Motion to Correct Errors was continued until March 14, 2000, after which the trial court entered the amended order. That order states in pertinent part:

> The Order on Citation and Visitation file-stamped July 13, 1999 is hereby amended to read as follows:
>
> 1. That the Respondent [Farmer] is in arrears in the payment of child support in the amount of $18,540.00 as of July 1, 1999, with the next installment of current support due on July 6, 1999, which sum is hereby reduced to a Judgment in favor of the Petitioner [Feliciano] against the Respondent.

1. The litigation in this dissolution matter has been extensive. We limit our review of the facts to a summary of those relevant to this appeal.

2. That the Respondent has not paid any child support since September 30, 1995 and is hereby found in contempt and sentenced to 180 days in the Lake County Jail, or until all arrearages are paid, whichever is accomplished sooner, which sentence is hereby suspended upon the terms and conditions hereinafter set forth.

3. That commencing July 6, 1999 and each Tuesday thereafter the Respondent shall pay the current support of $60.00 per week, plus $100.00 per week toward satisfaction of arrearage. . . .

4. That the Respondent shall pay attorney fees for the Petitioner, with respect to her efforts to obtain support, in the sum of $13,600.00 which sum is hereby reduced to Judgment in favor of Petitioner's counsel, J. DOUGLAS ANGEL, and against Respondent. Respondent is ordered to make payments for the satisfaction of said Judgment which shall bear interest, pursuant to law.

5. That the Respondent has not made any attempt to exercise visitation since October, 1997, and is hereby given one (1) last opportunity to establish visitation and a relationship with the parties' daughter. In the event that the Respondent fails to diligently pursue visitation as set forth herein and to pay all sums required by this Order for current support, arrearages and attorney fees the Court finds that any further visitation by the Respondent would endanger the child's physical health or significantly impair the child's emotional development and will vacate its Order with respect to visitation.

6. That to allow the Respondent one (1) last opportunity to establish and maintain a relationship with the parties' daughter the Court now orders the Petitioner make the parties' child available for six (6) supervised visits with the Respondent at the Family House in Valparaiso. Said visits shall be on an approximate weekly basis, considering the schedules and availability of the parties, the child and the facilities at Family House. The Respondent shall pay, as and when due, all costs and expenses incurred with Family House with respect to these visits. It is the Respondent's responsibility to contact Family House to initiate this process.

\* \* \* \* \*

9. That all of the Respondent's visitation rights will be terminated if the Respondent:

a. Fails to diligently schedule and exercise visitation as set forth herein, unless the failure to schedule and exercise visitation is a result of acts on the part of the Petitioner; or,

b. Fails to pay all fees and expenses incurred with Family House; or

c. Again stops visiting with the parties' child, unless the stoppage of visitation is a result of acts on the part of the Petitioner; or

d. Fails to make any of the required payments for support and arrearages as set forth herein; or,

e. Fails to make payments pursuant to the Judgment for attorney fees as set forth herein.

10. That the Respondent's sentence to the Lake County Jail for 180 days, is hereby suspended so long as the Respondent[:]

a. Diligently schedules and exercises visitation as set forth herein, unless the failure to schedule and exercise visitation is a result of acts on the part of the Petitioner; and,

b. Pays all fees and expenses incurred with Family House; and,

c. Continues to visit with the parties' child without again terminating regular visitation, unless the termination of visitation is a result of acts on the part of the Petitioner; and,

d. Makes all of the required payments for support and arrearages as set forth herein; and,

e. Makes payments pursuant to the Judgment for attorney fees as set forth herein.

Record pp. 38–41. This appeal ensued.

## Analysis

Farmer contends that portions of the trial court's amended order are erroneous because it intermingles the issues of visitation, child support, and attorney fees. Specifically, Farmer contends that the trial court abused its discretion by conditioning his visitation rights upon the payment of child support and attorney fees. Farmer also argues that the trial court abused its discretion because it threatens to revoke his suspended sentence, which was imposed for failing to pay child support, if he does not comply with visitation and does not make payments toward attorney fees.

■ We begin our analysis by addressing the attorney fee issue. In its amended order, the trial court states that Farmer's visitation rights will be terminated if he fails to make payments toward the judgment for attorney fees in favor of Feliciano's counsel. In addition, the amended order provides that Farmer's jail term for failing to pay child support will remain suspended as long as he makes payments toward the attorney fee judgment. Feliciano concedes that the trial court's amended order with respect to attorney fees is erroneous. It was improper for the trial court to condition visitation rights and the suspended sentence for contempt upon the payment of a debt to a third party. See Rendon v. Rendon, 692 N.E.2d 889 (Ind. Ct.App.1998) (holding that child support and visitation are separate issues and obligations); Pettit v. Pettit, 626 N.E.2d 444 (Ind.1993) (holding that contempt is available to assist in the enforcement of money judgments only when the judgment is for child support, not for other types of debt). Those portions of the amended order are erroneous.

■ We now review the remainder of the trial court's order. The problems with the amended order are two-fold. First, the trial court impermissibly conditions Farmer's visitation rights upon the payment of child support. This court has held numerous times that a parent may not interfere with visitation when the non-custodial parent fails to pay support. Moody v. Moody, 565 N.E.2d 388, 391 (Ind.Ct. App.1991); In re Truax, 522 N.E.2d 402, 406 (Ind.Ct.App.1988), trans. denied. Similarly, we have held that a parent may not withhold child support payments even though the other parent interferes with visitation rights. See, e.g., Rendon, 692 N.E.2d at 897. The facts of these cases are somewhat distinguishable because they involve situations where one parent withheld child support when the other parent refused to permit visitation or where one parent withheld visitation when the other parent failed to pay support. None of those cases address a situation where the court threatened to terminate visitation rights if a parent did not pay child support. Despite these distinctions, however, the underlying principle espoused by those cases is still applicable to the case before us. Visitation rights and child support are separate issues, not to be commingled. See, e.g., Rendon, 692 N.E.2d at 897. A court cannot condition visitation upon the payment of child support if a custodial parent is not entitled to do so. See Moody, 565 N.E.2d at 391.

■ In so holding, we do not dispute the trial court's use of discretion in visitation matters and recognize its authority to restrict or terminate visitation rights of a parent under certain circumstances. Indiana Code Section 31–17–4–2 states:

The court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child. However, a court shall not restrict a parent's rights unless the court finds that the visitation might endanger the child's physical health or significantly impair the child's emotional development.

Here, the trial court stated in its findings that "[i]n the event that [Farmer] fails to ... pay all sums required by this Order for current support ... the Court finds that any further visitation by [Farmer] would endanger the child's physical health or significantly impair the child's emotional development and will vacate its Order with respect to visitation." Record p. 39. However, the trial court provides no other findings or rationale to support its conclusion that the failure to pay child support would cause further visitation to endanger the child's physical health or significantly impair her emotional development. Notwithstanding the trial court's statutory authority to restrict or terminate visitation altogether upon a showing that the visitation endangers the child or impairs her emotional development, no such showing was made by the trial court in its amended order. Although we do not condone a non-custodial parent's failure to pay child support, visitation rights cannot be "automatically" terminated as a result of this failure. Consequently, the trial court improperly restricted Farmer's visitation rights by conditioning them upon the continued payment of support without the proper showing with respect to the physical and emotional well-being of the child. *See Smoot v. Smoot,* 604 N.E.2d 618, 625 (Ind.Ct.App. 1992) (holding that the trial court had the statutory authority to preclude visitation altogether upon a showing that visitation would significantly impair child's emotional development), *trans. denied.*

■ Second, the trial court threatens to revoke Farmer's suspended sentence, which was ordered for failing to pay child support, if he does not continue visitation with his daughter. In particular, the trial court suspended Farmer's 180–day sentence as long as he "[d]iligently schedules and exercises visitation" and "[c]ontinues to visit with the parties' child without again terminating regular visitation." Record p. 41.

■ We recognize that it is within the discretion of the trial court to hold an individual in contempt for willfully disobeying a court order. *See Smoot,* 604 N.E.2d at 624. We also acknowledge that contempt is available to assist in the enforcement of child support orders and judgments, which is why the trial court held Farmer in contempt here. *See Pettit,* 626 N.E.2d at 446. However, the trial court's amended order goes beyond its original contempt citation for Farmer's failure to pay support and even beyond its threat to revoke his suspended sentence if he fails to make all of his future child support payments. The trial court's threat with respect to Farmer's suspended sentence crosses into the realm of his visitation rights. We find no authority or policy permitting the trial court to make this leap.

Indiana has long recognized that the right of parents to visit their children is a sacred and precious privilege that should be enjoyed by non-custodial parents. *McCauley v. McCauley,* 678 N.E.2d 1290, 1292 (Ind.Ct.App.1997), *trans. denied,* 690 N.E.2d 1180; *Pence v. Pence,* 667 N.E.2d 798, 800 (Ind.Ct.App.1996); *Stewart v. Stewart,* 521 N.E.2d 956, 960 (Ind.Ct.App. 1988), trans. denied. Numerous cases have examined the trial court's discretion to find a parent in contempt for failing to comply with visitation orders. *See, e.g., Rendon,* 692 N.E.2d at 896; *Crowl v. Berryhill,* 678 N.E.2d 828, 830–831 (Ind.Ct. App.1997). In those cases, the parent who failed to comply with the order was interfering with the other parent's ability to exercise visitation rights. In other words, those cases involve one parent's frustration of the other's visitation rights.

Unlike those cases, however, the case before us presents an unusual situation in which we are faced with a trial court's attempt to force a parent to visit a child and threat to imprison him for failing to do so. Although parents clearly have a statutory duty to support their children, no such duty requires them to visit or maintain a relationship with their children if they choose not to do so. The statute governing visitation states, "A parent not granted custody of the child is entitled to

reasonable visitation rights...." Ind. Code § 31–17–4–1. As the statute states, visitation is an entitlement to the non-custodial parent, not an obligation. Farmer contends that "[I]f a person chooses not to exercise [his] privilege or entitlement, [he] should not be sanctioned." Appellant's Brief p. 11. Although we find it disturbing that a parent would not want to visit his child, we are forced to agree with Farmer's proposition, particularly in this case where the suspended sentence was originally imposed for failing to pay child support. Not only are child support and visitation separate issues that should not be commingled, but we do not believe that a parent should be forced to visit his child under threat of imprisonment.[2]

### Conclusion

Although we understand the trial court's attempt to coerce Farmer into complying with the visitation and child support terms set forth in the amended order in an effort to safeguard the well-being of the parties' daughter, we believe it is improper for the trial court to intermingle Farmer's visitation rights with his obligation to pay child support and attorney fees. We reverse the trial court's amended order to the extent it conditions visitation rights and the suspended sentence upon the payment of the attorney fee judgment. We further reverse the amended order to the extent it conditions Farmer's visitation upon his payment of support and to the extent it conditions his suspended sentence on his continued exercise of visitation with his daughter. In all other respects, we affirm the amended order and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

BAILEY, J., and RILEY, J., concur.

---

**2.** We note, however, that Farmer's failure to exercise his visitation may result in the curtailment and ultimately the termination of the visitation to protect the well-being of the child.