**INDIANA HIGH SCHOOL ATHLETIC ASSOCIATION, INC., Appellant–Defendant,**

v.

**Gregory S. SCHAFER and Shane Schafer b/n/f Gregory S. Schafer, Appellees–Plaintiffs.**

**No. 37A03–0811–CV–560.**

Court of Appeals of Indiana.

Sept. 28, 2009.

Robert M. Baker III, Law Office of Robert M. Baker III, Indianapolis, IN, Attorney for Appellant.

Timothy S. Schafer, Timothy S. Schafer II, Schafer and Schafer, Merrillville, IN, Attorneys for Appellees.

## OPINION

MAY, Judge.

The Indiana High School Athletic Association ("IHSAA") appeals the award of attorney fees to Gregory Schafer and Shane Schafer.[1] We remand.

### FACTS AND PROCEDURAL HISTORY[2]

We stated the facts that led to a declaratory judgment for Schafer in *Indiana*

---

1. Shane Schafer was a high school student when the underlying action was brought. He was the plaintiff in an action brought by him and his father Gregory Schafer as Shane's next friend. IHSAA asserts, without citation to the record, that Shane's counsel, Timothy Schafer, is Shane's uncle.

2. The statements of facts in both parties' briefs are rife with argument, which is inap-

*High School Athletic Ass'n, Inc. v. Schafer*, 598 N.E.2d 540, 542–45 (Ind.Ct.App. 1992), *trans. denied,* which was an interlocutory appeal from an order granting Schafer's motion to declare unconstitutional certain IHSAA rules and enjoining IHSAA from prohibiting Schafer from participating in interscholastic sports. We summarize them here.

During the 1990–91 school year, Schafer was a junior at Andrean High School in Merrillville. Andrean is an IHSAA member. He played on Andrean's basketball team during the fall 1990 and spring 1991 semesters. Schafer withdrew from school in the spring of 1991, at the end of the regular basketball season and just before the sectionals of IHSAA's statewide tournament, suffering from a serious sinus infection. The illness may have started as early as September, 1990, and may have hindered Schafer's academic performance, because in the fall semester he made very poor grades. Because the spring portion of the year-long courses is difficult for a student not coming fresh from the fall semester, and because the illness may have affected Schafer's academic performance in the fall, Andrean permitted him to repeat his entire 1990–91 junior year in the 1991–92 school year.

In June, 1991 Schafer wrote to IHSAA to ask that 1990–91 not count against his eligibility for interscholastic athletics. The request, in effect, sought relief from the IHSAA rules on enrollment and attendance that limit athletic eligibility to the ordinary eight semesters of high school. IHSAA refused Schafer's request.

Andrean appealed to IHSAA's Executive Committee and lost. The IHSAA Commissioner then apparently made a parol ruling that Schafer was ineligible under an additional rule for the fall of 1991. Again, there was an appeal and Schafer lost.

At some point Schafer filed a complaint in Lake Superior Court challenging IHSAA's decision and requesting an injunction prohibiting IHSAA from ruling Schafer ineligible or penalizing Andrean. Judge James Richards of Lake Superior Court granted a temporary restraining order and set a hearing on the preliminary injunction. At that hearing, IHSAA argued Schafer was ineligible under yet another rule, so he could not participate in regular season basketball in the 1991–92 school year. Judge Richards later dissolved the temporary restraining order and denied a temporary injunction.

The case was venued to Jasper County, Raymond D. Kickbush, Special Judge. Judge Kickbush set a hearing before which Schafer sought leave to file a second amended complaint asking for a declaratory judgment on the constitutionality of the rules IHSAA applied to him, casting Schafer as the aggrieved third-party beneficiary of a membership contract between Andrean and IHSAA, and alleging IHSAA engaged in willful and wanton interference, undue influence, coercion, misrepresentation, fraud, and unauthorized practice of law. All three counts requested injunctive relief.

Judge Kickbush granted Schafer's motion for declaratory judgment and enjoined IHSAA from ruling Schafer ineligible or

propriate in that part of an appellate brief. *See, e.g., County Line Towing, Inc. v. Cincinnati Ins. Co.,* 714 N.E.2d 285, 289–90 (Ind.Ct. App.1999) (Statement of Facts should be a concise narrative of the facts stated in accordance with the standard of review appropriate to the judgment or order being appealed,

and should not be argumentative), *trans. denied* 735 N.E.2d 219 (Ind.2000); Ind. Appellate Rule 46(A)(6). The Schafer and IHSAA statements of facts are, by contrast, transparent attempts to discredit the opponents, and are plainly not intended to be a vehicle for informing this court.

punishing Andrean. The court concluded the IHSAA rules were "overly broad, overly inclusive, arbitrary, and capricious and do not bear a fair relationship to the intended purpose of the rules, and, accordingly, they are held to be in violation of equal protection and due process." *Id.* at 546. The trial court certified the order for interlocutory appeal and we affirmed, except as to the open-ended nature of the injunction.

In the case now before us, Schafer brought an action to recover attorney fees. The trial court identified seven stages in the lengthy proceedings it characterized as:

> a long, protracted blood letting through several venues of our state court system, wherein the original objective was to seek administrative relief from valid rules applicable to all persons similarly situated but which degenerated to a goal to determine who would own the ship and who would paddle the oars. The original objective of both the lawsuit as well as the rule in question, "the best interest of students" became superfluous and irrelevant fodder early in the process.

(App. at 19.) The trial court determined Schafer could recover fees for 160 hours expended in preparation for the declaratory judgment hearing and 332.75 hours expended in defending the declaratory judgment on appeal[3] on the ground that during the declaratory judgment period "IHSAA did continue to litigate a defense that was frivolous, unreasonable, and groundless." (*Id.* at 25.)

## DISCUSSION AND DECISION

██ Parties are required to pay their own attorney fees absent an agreement between the parties, statutory authority, or other rule to the contrary. *Smyth v. Hester,* 901 N.E.2d 25, 32 (Ind.Ct.App. 2009), *reh'g denied, trans. denied.* The trial court awarded the fees pursuant to Ind.Code § 34-52-1-1,[4] which provides, in relevant part, that the trial court may award attorney fees as part of the cost to the prevailing party if it finds either party:

> (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
>
> (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless, or
>
> (3) litigated the action in bad faith.

Such award may be made on a finding of any one of the statutory bases.[5] *Smyth,*

---

**3.** IHSAA acknowledges in its Statement of the Case the trial court's conclusion that IHSAA continued, during the declaratory judgment period, to litigate a defense that was frivolous, unreasonable, and groundless. It then asserts the court "reaches no similar conclusion with respect to the appeal period." (Br. of Appellant Indiana High School Athletic Association, Inc. (hereinafter "IHSAA Br.") at 11.) It is true the court did not separately address in the "Conclusions" section what it had identified as the "appeal period." But in its "Findings" section it explicitly found IHSAA brought, during the appeal period, a defense that was frivolous, unreasonable, or groundless except insofar as it sought to limit the period of injunctive relief. It therefore seems apparent that in its "Conclusions" section the

trial court included in the "declaratory judgment period" both the declaratory judgment litigation and IHSAA's appeal.

**4.** When the court issued its order, this section was codified at Ind.Code § 34-1-32-1.

**5.** At one point in the declaratory judgment appeal, Schafer brought a motion under our appellate rules to correct the record and for sanctions on the ground IHSAA had deliberately excluded some material from the record. Schafer asked for dismissal of the appeal or, in the alternative, reasonable attorney fees. The record was corrected and the sanctions were denied. IHSAA now argues Schafer is barred by the law of the case doctrine from

901 N.E.2d at 33. A trial court has broad discretion in awarding attorney fees, and we will reverse such an award only if it is clearly against the logic and effect of the facts and circumstances before the court. *Weiss v. Harper,* 803 N.E.2d 201, 208 (Ind. Ct.App.2003). The trial court may look at the responsibility of the parties in incurring the attorney fees. *Id.* The trial judge has personal expertise he or she may use when determining reasonable attorneys fees. *Id.*

■■■■ We review *de novo* the trial court's legal conclusion that a party litigated in bad faith or pursued a frivolous, unreasonable or groundless claim or defense, and then review the decision to award attorney fees and the amount thereof for abuse of discretion. *Kahn v. Cundiff,* 533 N.E.2d 164, 167 (Ind.Ct.App. 1989), *aff'd* 543 N.E.2d 627 (Ind.1989). A claim or defense is "frivolous" if it is taken primarily for the purpose of harassment, if the attorney is unable to make a good faith and rational argument on the merits of the action, or if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Id.* at 170. A claim or defense is "unreasonable" if, based on the totality of the circumstances, including the law and the facts known at the time of filing, no reasonable attorney would consider that the claim or defense was worthy of litigation. *Id.* A claim or defense is "groundless" if no facts support the legal claim presented by the losing party. *Id.* at 170–71. A trial court need not find an improper motive to support an award of attorney fees; rather, an award may be based solely on lack of a good faith and rational argument in support of the claim. *Id.* at 171.

■■■■ Schafer requested special findings of fact and conclusions of law pursuant to Ind. Trial Rule 52(A). Special findings are those that contain all facts necessary for recovery by a party in whose favor conclusions of law are found. *Weiss,* 803 N.E.2d at 205. The findings are adequate if they support a valid legal basis for the trial court's decision. *Id.* The purpose of special findings of fact is to provide a reviewing court with the theory on which the judge decided the case, so they should contain a statement of the ultimate facts from which the trial court determined the legal rights of the parties. *Id.* On appeal, we construe the findings together liberally in support of the judgment. *Id.* But in our review of whether findings support the judgment, we may not add anything to the findings of fact by way of presumption, inference, or intendment. *Smyth,* 901 N.E.2d at 34.

We would have to do so to affirm the award of attorney fees for Schafer. In *Smyth,* a law firm argued an award of

seeking any attorney fees under Ind.Code § 34-1-32-1 because he previously had sought fees under the appellate rules in connection with the motion to correct the record.

We decline to apply that "discretionary" tool in the dispute before us. *Dutchmen Mfg., Inc. v. Reynolds,* 891 N.E.2d 1074, 1082 (Ind. Ct.App.2008), *trans. denied* 898 N.E.2d 1233 (Ind.2008). The law of the case doctrine provides that an appellate court's determination of a legal issue binds both the trial court and the appellate court in any subsequent appeal involving the same case and substantially the same facts. *Id.* The purpose of the doctrine is

to minimize unnecessary relitigation of legal issues once they have been resolved by an appellate court. *Id.* Accordingly, all issues decided directly or by implication in a prior decision are binding in all further portions of the same case. *Id.* Questions not conclusively decided in the earlier appeal do not become the law of the case. *Id.* at 1083. Schafer's limited request for attorney fees in connection with a motion to correct the record did not preclude the trial court from considering his request for statutory attorney fees on other grounds.

attorney fees could not stand against it because the order contained no findings of fact to support the judgment that the firm's representation of Smyth was frivolous, unreasonable, and in bad faith. We agreed, noting none of the findings of fact referred specifically "to problematic litigation action, and none of the conclusions of law reflect the legal authority and standard for an award of attorney fees." *Id.* *See Williamson v. Williamson,* 714 N.E.2d 1270, 1276 (Ind.Ct.App.1999) (Award of attorney fees reversed when trial court found "continued pursuit of this matter after June 15, 1998 was frivolous, unreasonable and groundless and/or that this matter was pursued in bad faith ...".), *reh'g denied, trans. denied.* We characterized that finding as "more in the nature of a conclusion. And it is not readily apparent on what specific facts the trial court's conclusion is based." *Id.*

Nor in the case before us is it apparent on what specific facts the trial court's findings sixteen and seventeen were based. Finding sixteen is that "IHSAA did in fact continue to litigate a defense of which [sic] was frivolous, unreasonable and groundless during the Declaratory Judgment Period." (App. at 24.) Finding seventeen is that "IHSAA did bring a defense of which [sic] was frivolous, unreasonable and groundless during the Appeal Period except insofar as it sought to limit the period of injunctive relief." (*Id.*)

In its findings, the trial court first noted statements from our *Schafer* decision,[6] and from the trial court decision we reviewed there, that the IHSAA rules were "arbitrary and capricious," (*id.* at 19), that IHSAA acted improperly by penalizing

Shane under one rule when it had already denied him relief under another, that the rules did not have a "fair and substantial relationship" between Shane's situation and "IHSAA's desired objective," (*id.*), that the rules as applied to Shane were unfair, and finally, the trial court noted the "absurdity of the application of this rule to [Shane's] situation." (*Id.* at 20.)

None of those statements about the IHSAA rules and its application of the rules prior to this litigation could support a conclusion the litigation itself was frivolous, unreasonable, and in bad faith, especially in light of the fact the lawsuit was brought by Schafer against IHSAA. We decline to hold litigation is necessarily frivolous, unreasonable, or in bad faith just because an administrative rule that is the subject of the litigation is eventually determined to be arbitrary, capricious, or unconstitutional.

Nor do the rest of the trial court's findings support such a conclusion. After its review of the *Schafer* decision, the court found "each party" engaged in actions that "caused a relatively simple emotional issue to spawn protracted" and expensive litigation, (*id.* at 20), and that in the original litigation the IHSAA rules were found overbroad and unconstitutional. The rest of the findings concern the nature and amount of fees Schafer claimed.

When the trial court makes special findings, they must be sufficient to disclose a valid basis for the legal result reached in the judgment. *Estate of Mark v. H.H. Smith Co.,* 547 N.E.2d 796, 799 (Ind.1989). The findings about the validity of the IHSAA rules and their application prior to the commencement of litigation do not ad-

---

**6.** The statements are presented as if they are quotations from that decision, but no citations are provided. Schafer asserts the trial judge "in his findings adopted and cited with approval" our *Schafer* decision. (Appellee's Br. at 15.) He does not offer a citation to anything in the findings that indicates the trial court "adopted" our decision, nor does he explain the legal significance of such "adoption."

dress the conduct of the litigation itself, and therefore cannot support the legal result that IHSAA "did continue to litigate a defense that was frivolous, unreasonable and groundless." (App. at 25).

In *Smyth*, we noted the party that had been awarded attorney fees did "not appear to argue that the *findings* support the judgment; rather it argues that the *record* provides support for a judgment awarding attorney fees." 901 N.E.2d at 35 (emphasis added). As the trial court's findings of fact and conclusions of law in *Smyth* did not address the attorney fee award, we considered that portion of the judgment to be a general judgment, which we could affirm on any theory supported by the evidence. *Id.* at 36. *See Piles v. Gosman*, 851 N.E.2d 1009, 1012 (Ind.Ct. App.2006) (trial court's findings control only the issues they cover, and we apply a general judgment standard to any issues about which the court did not make findings).

We acknowledged that the record in *Smyth*, like the record in the case before us, might have included

> some questionable litigation tactics that might support the trial court's exercise of its discretion to award attorney fees. However, our review in that regard is impaired by the fact that the order appealed does not provide us with any insight as to the trial court's reason for the award of attorney fees in this case, *i.e.*, what the trial court found to be frivolous, unreasonable, and bad faith conduct. Accordingly, we remand to the trial court for further consideration and explanation of its judgment in that regard.

*Id.*

We took the same approach in *Carmichael v. Siegel*, 754 N.E.2d 619, 638 (Ind. Ct.App.2001). There, the father was not found in contempt even though he admit-ted violating a court order. The trial court offered no explanation in its findings and conclusions why Father was not found in contempt, and we could not find the alleged court order that Father admitted violating. We concluded "the paucity of findings on this issue requires us to remand." *Id.*

Remand is appropriate in this case as well. The purpose of findings of fact and conclusions of law is to provide the parties and reviewing courts with the theory on which the case was decided. *Id.* The trial court's conclusory statements, presented as findings, that IHSAA brought and continued to litigate a defense that was unreasonable, frivolous, and groundless, leave us, as did the trial court's statements in *Carmichael*, "to wonder how and why it reached this conclusion in light of" the evidence in the record. *Id.* In *Carmichael* we remanded to the trial court for further consideration and explanation of its conclusion on the contempt issue, *id.*, and we do the same here so the trial court may explain the basis for its conclusion Schafer was entitled to attorney fees.

We are unable to affirm the award of attorney fees because the trial court's findings do not support its judgment. But our result on that narrow ground must not be interpreted to condone IHSAA's actions, in either its "arbitrary and capricious," (App. at 352), application of its rules to Shane, which application Judge Kickbush aptly described as "absurdity," (*id.*), or its conduct of this litigation, which "degenerated to a goal to determine who would own the ship and who would paddle the oars." (*Id.* at 19.)

We have commented with disapproval on similar litigation tactics employed in the past by IHSAA:

> We share the trial court's concern that the IHSAA may have been motivat-

ed to run up fees and expenses during the course of this litigation. We further fear that the IHSAA might wish to send a message to parents and student athletes in Indiana about the great risk and expense involved in challenging a ruling, and thus discourage them from appealing a denial of eligibility. The trial court expressed this fear well in its finding which states:

"This proceeding is and has been for some time moot. IHSAA has persisted by repeated appeals and motions to inflate its costs, fees, and expenses in an attempt to drive the cost of litigation to Vasario as high as possible, thereby discouraging students similarly situated from similar conduct. There is no other plausible explanation for a record of the size before this court, multiple hearing [sic], two interlocutory appeals, and an evidentiary hearing to recover attorney fees upon a temporary restraining order that expired February 26, 1995, nearly two years ago, and to resist Vasario's repeated attempts to dismiss these proceedings as moot." Third Record at 349.

*Indiana High School Athletic Ass'n v. Vasario*, 726 N.E.2d 325, 335 (Ind.Ct.App. 2000), *trans. denied* 735 N.E.2d 238 (Ind. 2000).

In his dissent, Judge Baker wrote:

To me, this case concerns notions of fundamental fairness and fair play. I would note that the IHSAA is not a voluntary organization for students subject to its decisions. Rather, students who have no voice in the IHSAA must abide by its rules or be deprived of the right to enter into sports activities at the level which their skills merit. The importance of this case, for me, lies in the fact that students learn at the hands of the IHSAA some of their early lessons about what constitutes fair play in deci-

sionmaking. Unfortunately, students acquainted with the IHSAA's conduct in this case might reasonably conclude that winning at all costs is more important than fair play.

As our supreme court noted in *Indiana High School Athletic Ass'n, Inc. v. Carlberg*, 694 N.E.2d 222, 233 (Ind.1997), we review IHSAA decisions under an "arbitrary and capricious" standard, which is indeed a narrow one. However, it is not entirely empty. A decision is arbitrary and capricious when "it is willful and unreasonable, without consideration and in disregard of the facts or circumstances in the case, or without some basis which would lead a reasonable and honest person to the same conclusion." *Id.*

\* \* \* \* \* \*

In deciding whether the IHSAA's decision was arbitrary and capricious, I would observe that if any conceivable problem qualifies for a hardship exception, the problems encountered by Vasario do: they were beyond the control of his school, his family, and himself. None argue in this case that Vasario even understood that his program had been disqualified from any list deemed important by the IHSAA before he was already attending school in Crown Point.

As the majority correctly observes, "Vasario's situation seems to epitomize the reason the hardship exception was created." Op. at 333. To my mind, this ultimately means that the refusal to grant a hardship exception in this case was arbitrary and capricious as that standard is defined. The majority has in effect found no basis whatsoever for the IHSAA's decision which would lead a reasonable and honest person to the same conclusion.

\* \* \* \* \* \*

Finally, with regard to the IHSAA's request for attorneys fees, I respectfully disagree that we must remand to the trial court so that it may determine what expenses and fees were reasonably incurred during in the IHSAA's continuation of this case. On this, the trial court has spoken. It found that the maintenance of the suit was, in essence, unwarranted and that it constituted an obvious attempt to discourage other students from appealing IHSAA decisions. R. at 349. I would thus find the IHSAA undeserving of attorneys fees.

I would remand, however, for a different reason. I would find that, under IND. CODE § 34–52–1–1 and Ind. Appellate Rule 15(G), this is a frivolous appeal. I would remand with instructions that fees should be assessed against IHSAA because of the multiple indications of bad faith which characterize its pursuit of this case, including its repeated refusal to allow the case to be dismissed, as Vasario requested five

years ago and at several points thereafter.

*Id.* at 335–37 (Baker, J., concurring in part and dissenting in part).

The case before us raises the same concerns that the IHSAA is trying "to send a message to parents and student athletes in Indiana about the great risk and expense involved in challenging a ruling, and thus discourage them from appealing a denial of eligibility." *Id.* at 335. The findings in this case are currently insufficient to support the judgment, but as in *Smyth,* it appears the evidence in the record might. We accordingly remand so the trial court may further consider and explain its judgment with regard to its conclusion on the attorney fees issue.[7]

Remanded.

CRONE, J., and BROWN, J., concur.

---

7. As we remand, we need not address IHSAA's alternative argument the evidence did not support the findings.