# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ROBERT M. BAKER III**
Law Office of Robert M. Baker III
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**TIMOTHY S. SCHAFER**
Schafer and Schafer
Merrillville, Indiana

**FILED**

Dec 17 2013, 9:35 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| INDIANA HIGH SCHOOL ATHLETIC ASSOCIATION, INC., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 37A03-1303-CP-86 |
| | ) | |
| GREGORY S. SCHAFER and SHANE SCHAFER b/n/f GREGORY S. SCHAFER, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE JASPER CIRCUIT COURT
The Honorable Daniel J. Molter, Special Judge
Cause No. 37C01-9111-CP-236

**December 17, 2013**

**OPINION - FOR PUBLICATION**

**SHEPARD, Senior Judge**

A trial court may award attorney's fees when a party continues to litigate the case after the party's claims have become frivolous, unreasonable, or groundless. Here, the trial court ordered fees after finding that the litigation conduct by the Indiana High School Athletic Association in trying to prevent a student from playing for his school demonstrated all three of these.

We conclude that, at the least, the trial court was within its discretion to hold that the course of conduct by IHSAA was "unreasonable" and that it could consider the multiple rulings adverse to IHSAA in reaching that decision.

We thus affirm the imposition of fees.

FACTS AND PROCEDURAL HISTORY

During the 1990-91 school year, Shane Schafer was a junior at Andrean High School in Merrillville, Indiana. He played on the basketball team. Shane withdrew from school during the spring semester, suffering from a severe, chronic sinus infection for several months. It required several surgeries to correct. Shane's medical condition had hampered his academic performance during the fall and spring semesters. Andrean did not give Shane grades for his spring classes and permitted him to repeat his junior year in the 1991-92 school year.

In June 1991, Shane asked IHSAA to rule that the 1990-91 school year would not count against his eligibility to play interscholastic basketball. IHSAA did not dispute that Shane's medical condition was genuine and had caused his academic difficulties. It nevertheless denied Shane's request, citing IHSAA Rule 12. Assistant Commissioner

2

Ray Craft advised Andrean officials that any administrative appeal would be "fruitless" because IHSAA's Executive Committee, which would consider the appeal, lacked authority to set aside the rule. Appellees' App. p. 48.

Nevertheless, Shane and his parents appealed through IHSAA's process. After Shane and his parents filed the appeal, IHSAA officials informed them that IHSAA Rule 18 *also* barred Shane from participating in athletics for the fall 1991 semester.

On October 18, 1991, IHSAA's Executive Committee upheld the decision of the commissioner that, under Rule 12, the 1990-91 school year would count against Shane's eligibility to play high school basketball.

On November 12, 1991, Shane, by his father Gregory Schafer, filed suit in the Lake Superior Court, seeking review of IHSAA's rulings, injunctive relief, and damages. The next day, the trial court issued an ex parte temporary restraining order allowing Shane to play basketball during the fall semester. On November 15, 1991, IHSAA's Executive Committee affirmed the commissioner's ruling that Rule 18 was a second reason Shane was ineligible during the fall 1991 semester. Shane did not play basketball at Andrean that fall.

On November 19, 1991, after a hearing attended by both parties, the court dissolved the TRO. It declined to enter a temporary injunction, determining that Shane "appears to be entitled to take part in athletic competition beginning in the second semester at Andrean in January of 1992; but there exists no emergency for the granting of

3

a temporary restraining order or temporary injunction at this time." Appellant's App. p. 71.

Next, the case was venued to the Jasper Circuit Court at IHSAA's request. Special Judge Raymond Kickbush held a hearing and, in a January 9, 1992 order, determined that IHSAA's rules, as applied to Shane, were "arbitrary and capricious" and had resulted in an "absurdity." *Id.* at 93. Consequently, the court enjoined IHSAA from barring Shane's participation in interscholastic athletics. It withheld action on the Schafers' claim for damages.

The court certified its order for interlocutory appeal, at IHSAA's request. The Court of Appeals accepted the appeal. While the appeal was pending, the trial court and the Court of Appeals both denied IHSAA motions to stay the trial court's injunction. IHSAA also moved the trial court to modify or stay its injunction to prevent Shane from playing sports during the fall 1992 semester. The court denied IHSAA's request on August 14, 1992.

This Court issued a decision on August 24, 1992, largely affirming the trial court's grant of injunctive relief. *Ind. High Sch. Athletic Ass'n v. Schafer* (*Schafer I*), 598 N.E.2d 540 (Ind. Ct. App. 1992), *trans. denied*. Our panel held that the trial court properly concluded that IHSAA Rule 18 was arbitrary and capricious as applied to Shane. However, the Court also concluded that the injunction was overly broad and remanded for issuance of a more narrowly tailored injunction, including "an endpoint for [Shane's] eligibility." *Id.* at 558.

4

During this remand, IHSAA again moved to amend the injunction, asserting that Shane had exhausted his eligibility and could not play in the 1992-93 year.  In response to the Court of Appeals' opinion and IHSAA's motion, the trial court enjoined IHSAA from barring Shane during the 1992-93 year and from taking any action against Andrean as a result of Shane's participation in basketball.

On December 16, 1992, the Indiana Supreme Court denied IHSAA's petition for transfer in *Schafer I*, ending that appeal.

The trial court subsequently held a jury trial on the Schafers' claims for damages, and IHSAA prevailed on those claims.

The Schafers then requested a hearing on their request for attorney's fees, relying on Indiana Code section 34-52-1-1 (1998)[1] and separately on IHSAA's alleged abuse of process in opposing injunctive relief.  The court heard the fee matter in November 1996. The case was subsequently transferred among several different judges, ultimately arriving before Special Judge Daniel J. Molter.  In 2003, Judge Molter awarded the Schafers fees of $86,231.25.  The award covered legal work performed during about thirteen months in 1991-1992, from the Lake Superior Court's denial of the Schafers' request for a preliminary injunction through the Supreme Court's denial of transfer in *Schafer I*.  The court's award was based entirely on Indiana Code section 34-52-1-1.

The fee award did not become final until 2008, when the Schafers dismissed their allegation of abuse of process.  IHSAA appealed the fee award, and a panel of this Court

---

[1] At that time, the statute was codified as Indiana Code section 34-1-32-1.

5

reversed. *Ind. High Sch. Athletic Ass'n v. Schafer* (*Schafer II*), 913 N.E.2d 789 (Ind. Ct. App. 2009). The panel concluded that the trial court had not made sufficient findings of fact to support the fee award. Rather than reverse outright, the panel remanded for further proceedings, determining "the findings in this case are currently insufficient to support the judgment, but . . . it appears the evidence in the record might." *Id.* at 798. Subsequently, the trial court issued a new order, again awarding $86,231.25. This appeal followed.

## ISSUE

IHSAA now challenges both the trial court's findings of fact and its determination that IHSAA's approach to defending against the request for injunctive relief had been unreasonable.

## DISCUSSION AND DECISION

Indiana adheres to the American rule that a party must generally pay his or her own attorney's fees absent an agreement between the parties, a statute, or other rule to the contrary. *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 458 (Ind. 2012). Indiana Code section 34-52-1-1(b) provides an exception:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party:
>
> > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> >
> > (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or

6

(3) litigated the action in bad faith.

The trial court cited subsection (b)(2) of the rule in awarding fees, determining that IHSAA continued to attempt to bar Shane from playing basketball after its defenses clearly became frivolous, unreasonable, or groundless.

IHSAA had asked the trial court to issue special findings and conclusions pursuant to Indiana Trial Rule 52(A). Our standard of review for special findings awarding attorney's fees under Indiana Code section 34-52-1-1 is as follows:

> We first review the trial court's findings under a clearly erroneous standard. In reviewing the findings of fact, we neither reweigh the evidence nor judge witness credibility, but rather we review only the evidence and reasonable inferences drawn therefrom that support the trial court's findings and decision. In reviewing under the clearly erroneous standard, we will not reverse unless we are left with a definite and firm conviction that a mistake has been made. The second step is to review *de novo* the trial court's legal conclusions. And finally, the third step of our appellate review is to review the trial court's decision to award fees and the amount thereof under an abuse of discretion standard.

*Neu v. Gibson*, 968 N.E.2d 262, 278 (Ind. Ct. App. 2012) (citations and quotation omitted), *trans. denied*.

## Challenges to the Findings

IHSAA argues that the trial court's special findings are unsupported by the evidence. We address the most viable contentions.

*"Litany of Adverse Rulings."* IHSAA challenges the court's statements that "various appeals and requests for stays have been resolved in favor of Shane" and that

there were "a litany of adverse court rulings against the IHSAA." Appellant's App. pp. 14, 16.

The trial court did indeed cite the numerous rulings the Schafers won against IHSAA. The record establishes: (1) the Lake Superior Court granted the Schafers an ex parte TRO ordering IHSAA not to bar Shane from playing; (2) the same court later declined to issue temporary injunctive relief, but only because it deemed such relief unnecessary at that time, inasmuch as Shane "appears to be entitled to take part in athletic competition beginning in the second semester at Andrean in January of 1992," *id.* at 72; (3) the Jasper Circuit Court granted the Schafers injunctive relief, determining IHSAA's rules, as applied to Shane, were "arbitrary and capricious" and produced an "absurdity," *id.* at 94; (4) the trial court and the Court of Appeals both declined to grant a stay pending IHSAA's appeal in *Schafer I*; (5) while the appeal was pending, the trial court denied IHSAA's request to modify the injunction to bar Shane from playing sports during the fall 1992 semester; (6) the Court of Appeals largely upheld the trial court's injunction, determining that IHSAA's application of Rule 18 was arbitrary and capricious; and (7) after the Court of Appeals remanded with instructions to establish an endpoint for the injunction, but while transfer was still pending, the trial court rejected a *new* IHSAA argument that Shane had exhausted his eligibility for the 1992-93 year.

This evidence supports the trial court's findings that the Schafers consistently prevailed at the trial court and on appeal during the period for which fees have been ordered. Many of these were not simple adverse rulings, but rather judicial declarations

8

so striking as to support a conclusion that IHSAA's course of defense was "unreasonable."

*"IHSAA on Notice."* IHSAA challenges the court's finding that it had previously "been made aware of potential inequities or concerns with the interpretation and/or application of Rule 18.5," and had been told in another case that "Rule 18.5 in its present form does not promote wholesome amateur athletics." *Id.* at 15.

Finding that IHSAA was aware of prior inequalities arising out of application of Rule 18, the trial court cited a federal case, *Anderson v. Indiana High School Athletic Association*, 699 F. Supp. 719 (S.D. Ind. 1988). IHSAA correctly notes that Rule 18 was not at issue in that case and that the student did not prevail on her constitutional claim for injunctive relief (because the court determined that IHSAA's decision was not state action). Still, *Anderson* stands for the proposition that IHSAA must consider and avoid potentially unconstitutional applications of its rules. In that case, the student transferred from one school to another and sought to play volleyball. It was undisputed that the transfer was not undertaken for athletic reasons and was not academically improper. Nevertheless, IHSAA suspended Anderson from interscholastic competition for 365 days pursuant to its Rule 19.

The federal district court noted that the rule in question provided no exceptions and concluded that the rule was arbitrary and capricious because "all students are covered by a blanket classification which has no relationship to whether a particular student's reasons for changing schools are athletic." *Id.* at 730. It further stated that in the absence

9

of an opportunity for an individual applicant "to demonstrate the harmless effect of its request," the rule "is unfair, lacks sensitivity" and lacks "provision for the application of common sense and reasonableness." *Id.* at 731. The court concluded that applying the rule in those circumstances did not promote healthy amateur athletics.

The *Anderson* decision notified IHSAA that where it applies its rules to bar a student from competition regardless of whether the student is acting in good faith, and without providing an opportunity to demonstrate the harmlessness of a requested exemption, IHSAA risks having its decisions deemed unconstitutionally arbitrary and capricious. We conclude the *Anderson* decision supports the trial court's finding that IHSAA was on notice as to the implications of its eligibility decisions.

*"Absurd and Devoid."* IHSAA also challenges the court's findings that "evidentiary hearings and subsequent rulings clearly illustrated the 'absurdity' of the position undertaken," and that IHSAA's positions "were found to be devoid of good logic and did not promote the true intended purpose of the rules in place." Appellant's App. at 16-17.

IHSAA has never disputed that Shane suffered from a serious medical condition that hampered his academic performance in the 1990-91 year and caused him to withdraw from school. Likewise, IHSAA has never disputed that Shane had sufficiently recovered from his medical condition to both fulfill his academic requirements and play basketball during 1991-92. IHSAA Commissioner Eugene Cato testified that, if he

10

considered Shane as an individual, he "would declare him eligible." Appellees' App. p. 57.

Nevertheless, IHSAA persisted in attempting to strip Shane of a year of eligibility and prevent him from playing basketball not only in the 1991-92 year, but in the following year as well. After declaring ahead of time that any appeal of its determination under Rule 12 would be "fruitless," IHSAA invoked Rule 18 in attempting to bar Shane from playing. As for causing delay when time was of the essence in obtaining judicial review of IHSAA's decisions, IHSAA delayed a determination of the Schafers' claims by seeking a change of venue during an injunctive matter and unsuccessfully requesting to postpone a hearing on injunctive relief. Finally, after the trial court and the *Schafer I* court clearly declared that IHSAA's attempts to limit Shane's eligibility were arbitrary and capricious, IHSAA *again* asked the trial court to determine that Shane had exhausted his eligibility and could not play interscholastic basketball during the 1992-93 school year. While some of these actions standing alone might not support the trial court's findings, they did not happen alone. The pattern of activities supports the trial court.

*"Vindictiveness."* IHSAA challenges the trial court's finding that it acted with vindictive purpose, which the court deemed demonstrated when Commissioner Cato testified "I don't know" when asked why IHSAA appealed Judge Kickbush's grant of injunctive relief. *Id.* at 17.

After the Schafers prevailed in the trial court, Commissioner Cato decided to appeal. Later asked why he decided to appeal, the commissioner answered, "I don't

11

know." Appellees' App. p. 116. To be sure, this answer is hardly a smoking gun proving vindictiveness, but we do think a reasonable finder of fact could infer that IHSAA intended to defeat the Schafers by drawing out the litigation process and possibly mooting the question of Shane's eligibility.

We conclude that the evidence supports the trial court's special findings.

Abuse of Discretion

Next, IHSAA contends that the trial court's decision to award fees was an abuse of discretion.[2] Noting that the court's award relied on Indiana Code section 34-52-1-1(b)(2), which addresses continued litigation by a party after the party's claim or defense clearly became frivolous, unreasonable, or groundless, IHSAA claims that events occurring before the Schafers filed this lawsuit are irrelevant.

Subsection (b)(2) contemplates an examination of the legal and factual basis of a claim and the arguments advanced in support thereof. *Kahn v. Cundiff*, 533 N.E.2d 164, 171 (Ind. Ct. App. 1989), *aff'd*, 543 N.E.2d 627 (Ind. 1989). Events occurring before a lawsuit are part of the legal and factual basis for a claim, and we see no reason to exclude such *events* when considering a fee award. While the panel in *Schafer II* opined that various judicial conclusions (like the "absurdity of the application of this rule" to Shane), when declared without reference to particular facts, could not support the fee award, the underlying facts surrounding the course of litigation must surely be relevant.

---

[2] IHSAA does not challenge the amount of the award.

Here, IHSAA had no reason to believe that Shane was faking his medical condition. It was also on notice, per the *Anderson* decision, that its decisions as to eligibility could be found arbitrary and capricious where it did not allow students to seek good-faith exceptions. Nevertheless, IHSAA officials told Andrean officials that any appeal of the decision under Rule 12 would be "fruitless" and, when the Schafers appealed, lifted up Rule 18 to further bar Shane's participation in athletics.

IHSAA also argues that the record merely shows that it lost its case, and unfavorable rulings alone are insufficient proof of a frivolous, unreasonable, or groundless defense. It shows more than that.

A claim or defense is "groundless" if no facts exist which support the legal claim presented by the losing party. *Alaska Seaboard Partners, Ltd. v. Hood*, 949 N.E.2d 1247, 1256 (Ind. Ct. App. 2011). The Commissioner's inability to describe any reason for appealing the trial court's grant of the injunction does suggest "groundlessness." Furthermore, a claim or defense is "unreasonable" if, based on the totality of the circumstances, including the law and the facts known at the time of filing, no reasonable attorney would consider that the claim or defense was worthy of litigation. *Id.* at 1255. Here, IHSAA continued to argue for barring Shane even after both the trial court and this Court had rejected its effort to do so. We cannot say that the trial court erred by identifying IHSAA's continuing litigation as unreasonable.

As if to provide an additional illustration of this pattern, IHSAA in this third appeal challenges the validity of the decision in *Schafer I*, noting that *Schafer I* cited to

13

*Sturrup v. Mahan*, 261 Ind. 463, 305 N.E.2d 877 (1974), subsequently overruled by

*Indiana High School Athletic Association v. Carlberg*, 694 N.E.2d 222, 239 (Ind. 1997).

In considering whether IHSAA continued to litigate after its defense clearly became

frivolous, unreasonable, or groundless, we think it sound to consider the facts and

precedent that were in effect when IHSAA made its decision, not changes in the law that

occurred years later.

Finally, we are not the first appellate court to take notice of IHSAA's arbitrary and

capricious decision-making toward the Schafers. Such decision-making can result in

substantial harm to the individual student-athletes the rules are intended to serve. The

*Schafer I* court pointed out the absurdity resulting from IHSAA's positions in this case as

follows:

> The trial court found this case to present a student who decided, after
> consulting with his parents and school officials, to repeat his junior year in
> high school because a chronic but undiagnosed illness may have hampered
> his academic performance in college preparatory courses. All the evidence
> on the point showed the decision reflected a judgment that repeating was in
> the student's best interest academically. There was no evidence that
> repeating was intended to circumvent Rule 18 by allowing the student an
> easy ride in repeated courses so that he could turn his full attention to
> developing his basketball prowess. Yet, IHSAA deprived the student of
> eligibility for athletics on the basis of a rule that purportedly seeks to
> "upgrade student academic performance." That Schafer ended up repeating
> his junior year coursework flowed more from his illness than from any
> attempt to gain an advantage in sports competition.

598 N.E.2d at 554. Similarly, the *Schafer II* panel stated its disapproval of IHSAA's

tactics, quoting a prior decision that turned on a fee award due to IHSAA litigation

tactics:

14

> We share the trial court's concern that the IHSAA may have been motivated to run up fees and expenses during the course of this litigation. We further fear that the IHSAA might wish to send a message to parents and student athletes in Indiana about the great risk and expense involved in challenging a ruling, and thus discourage them from appealing a denial of eligibility.

913 N.E.2d at 796-97 (quoting *Ind. High Sch. Athletic Ass'n v. Vasario*, 726 N.E.2d 325, 335 (Ind. Ct. App. 2000), *trans. denied*). Such were the views of the appellate judges in *Vasario* who granted IHSAA partial relief and ordered a remand. The judge who thought the award should have been affirmed without further proceedings put it differently:

> The importance of this case, for me, lies in the fact that students learn at the hands of the IHSAA some of their early lessons about what constitutes fair play in decision making. Unfortunately, students acquainted with the IHSAA's conduct in this case might reasonably conclude that winning at all costs is more important than fair play.

*Vasario*, 726 N.E.2d at 335-36 (Baker, J., dissenting).

We associate ourselves with these observations without adding to them. The trial court did not abuse its discretion by awarding attorney's fees to the Schafers.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.

15