**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 18 2014, 9:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. MICHAEL CARTER**
Scottsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ERIC LEWIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 36A04-1309-CR-464 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JACKSON CIRCUIT COURT
The Honorable William E. Vance, Judge
Cause No. 36C01-1105-FC-24

**March 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

**Case Summary**

Eric Lewis appeals his five-year sentence for Class C felony nonsupport of a dependent child. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Considering the amount of Lewis's arrearage—$33,119—and Lewis's character and conscious decision not to pay child support, we affirm his five-year sentence.

**Facts and Procedural History**

Lewis and Kimberly Hobson were married in 1992 and had one child, T.L., who was born on March 4, 1993. The parties divorced in 1998, and Hobson was granted custody of T.L. At that time, Lewis was ordered to pay $134 per week in child support. During 1998 and 1999, Lewis occasionally made payments directly to Hobson instead of through the clerk's office as ordered. These payments totaled $1400-$2000. *Compare* Tr. p. 18 (Hobson's testimony: $1400) *with id.* at 53 (Lewis's testimony: $2000). In May 2001, Lewis's support was temporarily modified to $60 per week effective January 1, 2001. At that time, Lewis's arrearage was $11,500.

In 2002, Hobson filed a contempt petition against Lewis. The trial court found Lewis in contempt for failing to pay child support as previously ordered by the court. The total arrearage as of February 8, 2002, was $13,250. The court sentenced Lewis to sixty days in the Jackson County Jail but stayed the sentence if Lewis paid $60 per week in child support and $15 per week toward his arrearage through the clerk's office. Lewis ended up spending sixty days in jail for this contempt petition and sixty days in jail for several other contempt petitions. *See* Sent. Tr. p. 10-11.

In June 2006, Lewis was again ordered to pay $60 per week in child support and $15 per week toward his arrearage. At that time, his child-support arrearage was $22,880. After the June 2006 order and until his arrest in August 2011, Lewis made no child-support payments and no payments toward his arrearage.

T.L. turned eighteen on March 3, 2011, and moved out of his mother's home. As of that date, Lewis's arrearage had climbed to $33,119.

The State charged Lewis with Class C felony nonsupport of a dependent child. A jury trial was held in August 2013, and Lewis was found guilty as charged. In sentencing Lewis, the trial court found that this was a "serious" matter and that the amount of Lewis's arrearage was "enormous." *Id.* at 43. The court also found that experience showed that Lewis was not going to change his ways:

> During the revolutionary period in this country there was a person that we've all heard of named Patrick Henry. Patrick Henry spoke at the Virginia Convention . . ., [using] the line Give me Liberty, or Give me Death. In that same speech though, he had another line which, I think, is better. And that is I have but one lamp by which my feet are guided and that's the lamp of experience. Experience, quite honestly, is Mr. Lewis is not going to pay support. That's the experience. Mr. Lewis will not pay support, no matter what. He hasn't done it. He won't do it. We can hope that he would, but he won't. . . . What about something other than simple incarceration? And what I discover in looking at his . . . criminal history is that he has not been successful on probation when he has had an opportunity at probation. I refer you to a [2010] case. Not that old. A [2010] case out of Hamilton County where after he was found guilty of . . . possession of marijuana . . . he was placed on probation for [365] days. [Three probation violations were filed]. All in one case. . . . Those matters do not bode well for a court to order probation.

*Id.* at 45-47. Accordingly, the court sentenced Lewis to five years, all executed.

Lewis now appeals his sentence.

**Discussion and Decision**

3

Lewis contends that his five-year sentence is inappropriate in light of the nature of the offense and his character. He asks us to revise his sentence "to time served as of the date of this Court's decision, with the remainder of the 5 year sentence suspended to probation with timely payments of the $60.00 weekly child support being a specific condition of probation." Appellant's Br. p. 14.

Our rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "[A] defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

A person who commits a Class C felony shall be imprisoned for a fixed term of between two and eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6. The trial court sentenced Lewis to five years, one year above the advisory sentence. This is within the statutory range.

As the trial court said, the nature of this offense is serious. A person who knowingly or intentionally fails to provide support to the person's dependent child commits

4

nonsupport of a child, a Class D felony. Ind. Code § 35-46-1-5(a). However, it is a Class C felony if the total amount of unpaid support that is due and owing for one or more children is at least $15,000. *Id.* Lewis's arrearage is $33,119, more than twice the amount necessary to elevate the crime to a Class C felony. This shows the extent of Lewis's nonsupport of his child and is indicative of the length of time that he ignored his parental responsibility to take care of his child.

Moreover, this crime is particularly egregious because it is the culmination of several prior contacts with the trial court and the child-support system in an attempt to get Lewis to meet his child-support obligation without having to spend time in jail. Nevertheless, Lewis had to be court-ordered several times to pay support, was cited for contempt, and served sixty days in jail "[f]ive times" for failing to pay child support. Sent. Tr. p. 10-11. Despite this, Lewis made only token payments to Hobson through the years and no payments between the 2006 court order and his arrest in 2011.

Lewis's character does not fare much better. He has juvenile adjudications for burglary and illegal consumption of an alcoholic beverage. As an adult, Lewis has felony convictions for burglary, theft, and receiving stolen property and misdemeanor convictions for disorderly conduct and possession of marijuana. He has several probation violations, including three in one case from 2010. In addition, Lewis did not show that he was incapable of paying child support. Rather, he explained that he did not pay child support because Hobson was "wrong in keeping my son from me. . . . I wasn't gonna give her money when I wasn't even allowed to talk to my son." *Id.* at 24; *see Farmer v. Farmer*,

5

735 N.E.2d 285, 288 (Ind. Ct. App. 2000) ("[A] parent may not withhold child support payments even though the other parent interferes with visitation rights.").

Given the nature of the offense and his character, Lewis has failed to persuade us that his five-year sentence is inappropriate. Despite Lewis's argument that incarceration will not allow him to make payments to Hobson, we note that he has had numerous opportunities to make payments through the years. We therefore affirm his sentence.

Affirmed.

RILEY, J., and MAY, J., concur.