Carl F. FITZ and Theresa Fitz, Appellants–Plaintiff,

v.

**RUST–OLEUM CORPORATION and ROC Sales, Inc., Appellants–Defendants,**

Rust–Oleum Corporation and ROC Sales, Inc., Appellants–Third Party Plaintiffs,

v.

**United States Can Company, Appellees–Third–Party Defendant.**

No. 71A04–0704–CV–209.

Court of Appeals of Indiana.

April 8, 2008.

Robert J. Palmer, Mishawaka, IN, Attorney for Appellants.

Don G. Blackmond, Jr., Don G. Blackmond, South Bend, IN, Attorneys for Appellees.

HOFFMAN, Senior Judge.

Third–Party Plaintiffs/Defendants/Appellants Rust–Oleum Corporation and ROC Sales, Inc. (collectively "Rust–Oleum") appeal the trial court's entry of summary judgment in favor of Third–Party Defendant/Appellee United States Can Company (U.S.Can).

We reverse in part, affirm in part and remand.

Rust–Oleum presents two issues for our review which we restate as:

I. Whether the trial court erred by granting summary judgment in favor of U.S. Can.

II. Whether the trial court erred by denying summary judgment for Rust–Oleum.

In 1992, Carl Fitz was injured while using a can of spray paint marketed by Rust–Oleum. Fitz and his wife filed a products liability claim against Rust–Oleum based upon the defectiveness of the can, and Rust–Oleum subsequently filed a third-party complaint seeking to be indemnified by several parties, including U.S. Can.[1] Eventually, all of the third-party de-

---

1. We note that this action was brought under the prior product liability law which was codified at Ind.Code § 33–1–1.5–1, *et seq*. In 1998, those statutes were repealed and re- codified at Ind.Code § 34–20–1–1 *et seq.*, including Ind.Code § 34–20–2–3, which provides that actions for strict liability in tort are restricted to *manufacturers* of defective prod-

fendants, except U.S. Can, were dismissed. A pre-trial order was entered which contained the contentions of all the parties. Rust–Oleum's contentions in the pretrial order did not contain its indemnification claim against U.S. Can. Trial commenced and, during its opening statement, Rust–Oleum mentioned indemnification, to which U.S. Can objected based upon the fact that the indemnification issue was not included in the pre-trial order. The trial court sustained U.S. Can's objection based upon the lack of a claim for indemnification against U.S. Can in the pretrial order. The Fitzes then filed a motion to remove U.S. Can as a party, and the trial court granted the motion. However, Rust–Oleum's third party complaint against U.S. Can remained on the court's docket. The jury eventually returned a verdict in favor of the Fitzes on the can's defectiveness. Rust–Oleum appealed the jury verdict to this Court. In *Rust–Oleum Corp. v. Fitz*, 801 N.E.2d 754 (Ind.Ct.App.2004), *trans. denied*, a panel of this Court affirmed the judgment of the trial court.

Following the first trial, Rust–Oleum filed a motion for status conference on its third-party complaint in the original action. Later, Rust–Oleum filed a separate cause of action for indemnity against U.S. Can, which was consolidated with the original cause of action. Rust–Oleum filed a motion for summary judgment on its indemnity claim, and U.S. Can filed its response as well as a cross motion for summary judgment. Following a hearing, the trial court granted U.S. Can's motion for summary judgment and denied Rust–Oleum's motion. It is from this judgment that Rust–Oleum now appeals.

Rust–Oleum contends that the trial court erred both by granting U.S. Can's motion for summary judgment and by denying Rust–Oleum's motion for summary

judgment. Here, the parties filed cross motions for summary judgment. In such a case, our standard of review is not altered. *Pond v. McNellis*, 845 N.E.2d 1043, 1053 (Ind.Ct.App.2006), *trans. denied*, 860 N.E.2d 590. Rather, we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Id.* On appeal from a grant or denial of summary judgment, our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Winchell v. Guy*, 857 N.E.2d 1024, 1026 (Ind.Ct.App.2006); *see also* Ind. Trial Rule 56(C). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Pond*, 845 N.E.2d at 1053. All facts and reasonable inferences drawn therefrom are construed in favor of the non-movant. *Id.* Further, we carefully review a summary judgment determination to ensure that a party was not improperly denied its day in court. *Id.* Additionally, the trial court here entered specific findings of fact and conclusions thereon. Such findings and conclusions facilitate appellate review; however, they do not alter our standard of review, and they are not binding on this Court. *Auburn Cordage, Inc. v. Revocable Trust Agreement of Treadwell*, 848 N.E.2d 738, 747 (Ind.Ct.App. 2006).

 The primary issues in this case are the effect of the pre-trial order on the third-party claim of indemnity and the effect of counsel's statements on the third-party claim of indemnity. We will review each in turn. First, the trial court determined that Rust–Oleum waived its claim for indemnity against U.S. Can by failing

ucts. In the instant case, U.S. Can is a manu- facturer and Rust–Oleum is a seller.

to include the claim in the pre-trial order of the underlying action.

■ Generally, an obligation to indemnify does not arise until the party seeking indemnity incurs a loss. *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 576 (Ind.Ct.App.2003), *trans. denied.* A loss may be incurred when the party seeking indemnity (1) pays the underlying claim; (2) pays judgment on the underlying claim; or (3) tenders payment in settlement of the underlying claim. *Id.* Although Ind. Trial Rule 14 permits a claim for indemnity to be litigated contemporaneously with the injured party's claim, the rule in no way suggests that the obligation to indemnify arises before the party seeking indemnity incurs damages. *See* T.R. 14; *see also TLB Plastics Corp., Inc. v. Procter and Gamble Paper Products Co.*, 542 N.E.2d 1373, 1377 n. 1 (Ind.Ct. App.1989), *reh'g denied, trans. dismissed.*

A review of the designated materials in this case reveals that the section entitled "Statement of Defendants' Contentions" in the pre-trial order from the underlying cause does not contain any mention of Rust–Oleum's claim against U.S. Can. Appellant's Appendix at 187½ –88. Rust–Oleum's claim of indemnity was not at issue in the trial of the underlying cause, and, in fact, that claim was not litigated at the trial of the underlying cause. The trial court, as we will discuss in more detail later in this opinion, did not allow the indemnity claim to be litigated at the trial of the underlying cause (i.e., the Fitzes' claims against Rust–Oleum) because the claim was not set forth in the pre-trial order. However, we do not believe this equates to a waiver of Rust–Oleum's third-party indemnity claim. The issue of indemnity was still a viable claim that was merely in a dormant state until the conclusion of the underlying action. This is so because Rust–Oleum was not required to pursue its indemnity claim contemporaneously with the Fitzes' claims, and Rust–Oleum's indemnity claim had not been dismissed. Instead, the indemnity claim was merely put "on hold," and Rust–Oleum could proceed with it at a later date. Indeed, we note that soon after the jury verdict was entered in the underlying cause, Rust–Oleum requested a status conference on its indemnity claim. *See* Appellant's App. at 209. Thus, we find no waiver as a result of Rust–Oleum not including its indemnity claim against U.S. Can in its pre-trial order contentions of the underlying cause.

■ Moreover, because it was alluded to in the parties' briefs and may arise on remand, we briefly address the trial court's grant of the Fitzes' motion to remove U.S. Can. The granting of this motion removed U.S. Can as a party to the litigation of the underlying cause. The trial court granted the Fitzes' motion to remove U.S. Can because U.S. Can was a third-party defendant on the indemnity claim which was not being litigated during that trial. Therefore, U.S. Can was removed from the underlying trial because it was not a party to the claims being litigated. However, such removal does not equate to a dismissal from the entire cause.

■ Next, U.S. Can asserts that the comments of Rust–Oleum's counsel during opening statement in the underlying action equates to an admission by Rust–Oleum that it was abandoning its indemnity claim against U.S. Can. Rust–Oleum's trial counsel mentioned the indemnification claim in his opening statement at the trial of the underlying cause, and U.S. Can objected, asserting that the indemnification claim had not been properly preserved in the pre-trial order. The trial court sustained the objection. Counsel for Rust–Oleum then continued with his opening statement:

" 'I misspoke. I'm sorry. We're not claiming that [i.e., indemnification]. If the can was defective they don't owe us anything. Okay. We do want them in here to help us defend the case. We are not making that claim.' " Appellant's App. at 257–58 (supplied emphasis removed).

██ Generally, an opening statement is not substantive evidence; rather, it acquaints the judge and jury with the facts that counsel intends to prove. *Lystarczyk v. Smits,* 435 N.E.2d 1011, 1014 (Ind.Ct. App.1982). If counsel makes a clear and unequivocal admission of fact, he or she has made a judicial admission that is binding upon his or her client. *Id.* In the present case, it is evident that Rust–Oleum was not admitting any pivotal fact or relinquishing its indemnity claim. Rather, counsel was explaining to the jury the error in his opening statement. Indemnity was not at issue, and counsel was simply clarifying for the jury that indemnity was not an issue to be decided in that particular trial.

Thus, Rust–Oleum did not waive its indemnification claim by not including the claim in the pre-trial order of the underlying cause. Additionally, statements by counsel for Rust–Oleum were not admissions that relinquished Rust–Oleum's indemnity claim against U.S. Can. The trial court erred by entering summary judgment in favor of U.S. Can.

█ In addition to claiming that the trial court erred by granting U.S. Can's motion for summary judgment, Rust–Oleum also contends that the trial court erred by denying its motion for summary judgment. Rust–Oleum argued to the trial court that U.S. Can is bound by the judgment of the underlying cause and is barred from relitigating the issue of the can's defectiveness and the cause of the defect.

The trial court properly denied Rust–Oleum's motion for summary judgment because U.S. Can, in this specific factual situation, is not bound by the judgment of the underlying cause litigated between the Fitzes and Rust–Oleum. Contrary to Rust–Oleum's allegations, U.S. Can did not have an opportunity to participate fully in the determination of Rust–Oleum's liability. Rust–Oleum's third-party claim for indemnification was not included in the pre-trial order of the underlying cause. For that reason, the indemnification claim was no longer at issue in the trial of the Fitzes' claims against Rust–Oleum (i.e., the underlying cause). U.S. Can, therefore, was no longer a proper party in the litigation of the underlying cause because there were no longer any claims against it. The Fitzes had not asserted any claims against U.S. Can, and Rust–Oleum's claim of indemnification against U.S. Can was not being litigated at that time. U.S. Can could neither be required to remain in litigation where there were no longer any claims against it, nor be required to abide by a judgment against which it was not able to defend.

██ Finally, Rust–Oleum avers that collateral estoppel, or issue preclusion, applies in this case to bar U.S. Can from relitigating the can's defectiveness and the cause of the defect. Collateral estoppel bars subsequent litigation of a fact or issue which was adjudicated in previous litigation if the same fact or issue is presented in a subsequent lawsuit. *American Family Mutual Ins. Co. v. Ginther,* 803 N.E.2d 224, 230 (Ind.Ct.App.2004), *reh'g denied, trans. denied.* The former adjudication will be conclusive in the subsequent action even if the two actions are on different claims. *Id.* However, the former adjudication will be conclusive only as to those issues which were actually litigated and determined therein. *Id.* A two-

part analysis determines whether collateral estoppel should be employed in a particular case: (1) whether the party against whom the former adjudication is asserted had a full and fair opportunity to litigate the issue and (2) whether it would be otherwise unfair under the circumstances to permit the use of issue preclusion in the current action. *Id.*

In the present case, Rust–Oleum maintains that the two elements of the collateral estoppel analysis are satisfied. Specifically, Rust–Oleum argues that U.S. Can had a full and fair opportunity to litigate the can's defectiveness and the cause of the defect because it filed an answer, participated in discovery, and participated in a full day of trial before it was removed from the case. We disagree.

Not only did U.S. Can not have a full and fair opportunity to litigate the can's defectiveness and the cause of the defect, but also, given the facts of this particular case, it would be unfair under the circumstances to apply collateral estoppel. As Rust–Oleum pointed out, U.S. Can was removed after the first day of trial. In this case, we do not consider participation in one day of trial to provide a full and fair opportunity to litigate. As we stated above, when indemnity ceased to be an issue at trial of the underlying cause, U.S. Can's role as a party in that trial also ceased. Therefore, because U.S. Can was removed from the prior litigation, U.S. Can should not now be precluded from litigating these issues. The trial court properly denied Rust–Oleum's motion for summary judgment.

Based upon the foregoing discussion and authorities, we conclude that the trial court erred in granting summary judgment in favor of U.S. Can. We also conclude that the trial court properly denied summary judgment in favor of Rust–Oleum.

Reversed in part, affirmed in part and remanded.

KIRSCH, J., and BAILEY, J., concur.