## FOR PUBLICATION



FILED
Dec 31 2013, 10:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**ANTHONY J. SAUNDERS**
New Castle, Indiana

ATTORNEYS FOR APPELLEE:

**CAREN L. POLLACK**
**KATHERINE S. STRAWBRIDGE**
Pollack Law Firm, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL GILLOCK and KATHY GILLOCK, | ) | |
| | ) | |
| Appellants-Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1308-CT-338 |
| | ) | |
| CITY OF NEW CASTLE, INDIANA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Rex L. Reed, Senior Judge
Cause No. 33C01-1207-CT-33

**December 31, 2013**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Paul and Kathy Gillock brought a negligence claim against the City of New Castle, Indiana ("the City"). After almost nine months, the City moved to dismiss the case for failure to prosecute and failure to obey an order to compel discovery. On the day that the hearing on the City's motion to dismiss was to be held, the Gillocks filed a motion to dismiss with prejudice, which the trial court granted. The City then moved for attorney's fees, asserting that the Gillocks' lawsuit was frivolous, unreasonable, and groundless, and litigated in bad faith. The trial court granted the City's motion for attorney's fees.

The Gillocks appeal the award of attorney's fees, arguing that it is contrary to law because their complaint was not frivolous, unreasonable, groundless, or made in bad faith. We conclude that the Gillocks' complete failure to take any action for almost a year in furtherance of their lawsuit, including their failures to respond to discovery requests and obey the trial court's order without any reasonable explanation, supports the trial court's implicit legal conclusion that their claim was unreasonable and groundless. Therefore, we affirm the award of attorney's fees. The City argues that it is entitled to reasonable attorney's fees and costs incurred in this appeal. We conclude that the Gillocks' appeal was not utterly devoid of all plausibility, and therefore deny the City's request for appellate attorney's fees and costs.

**Facts and Procedural History**

On July 13, 2012, the Gillocks filed a complaint against the City, alleging that, due to the City's negligent design, construction, and maintenance of its storm water drainage

2

system, the system flooded causing damages to the Gillocks' real and personal property. On August 29, 2012, the City filed its answer and affirmative defenses.

On August 30, 2012, the City served interrogatories and a request for production on the Gillocks. On March 18, 2013, the City filed a motion to compel the Gillocks to respond to its interrogatories and request for production. That same day, the trial court granted the motion and ordered the Gillocks to answer the interrogatories and respond to the request for production within ten days (March 28, 2013) or face sanctions, including possible dismissal of their claim.

On April 1, 2013, the City filed a motion to dismiss based on Indiana Trial Rule 41(E) because the Gillocks had failed to take any action in pursuing the case for over sixty days and based on Trial Rule 37(B) because they had failed to obey the trial court's motion to compel discovery. On April 4, 2013, the trial court set a hearing on the City's motion to dismiss for May 24, 2013. On May 24, 2013, the Gillocks filed a motion to dismiss their complaint because they no longer wished to pursue the matter. The same day, the trial court granted the Gillocks' motion to dismiss with prejudice.

On June 3, 2013, the City filed a motion for attorney's fees and costs "pursuant to I.C. 34-13-3-21," alleging that the Gillocks failed (1) to respond to its requests for discovery, (2) to respond to its follow-up letter of February 7, 2013 regarding its discovery requests,[1] (3) to respond to the motion to compel discovery, (4) to inform the City that they intended to file a motion to dismiss, and (5) to serve the City with a copy of their motion, and therefore "an

---

[1] This letter is not in the record before us.

3

award of attorneys' fees and costs incurred by [the City] as a result of having to defend against [the Gillocks'] frivolous and groundless claim is warranted." Appellants' App. at 15-16. The City requested that the trial court enter an order "granting its Motion for Award of Attorneys' Fees and Costs in connection with defending the suit brought by [the Gillocks], on the grounds that the suit was frivolous, not made in good faith, and was not prosecuted after the original filing." *Id*. at 16. On July 9, 2013, the trial court held a hearing on the City's motion for attorney's fees and costs and issued an order finding "the motion to be meritorious" and awarding the City $2144.05. *Id*. at 18.

## Discussion and Decision

### *I. Trial Court's Award of Attorney's Fees*

The Gillocks appeal from the trial court's grant of a motion for attorney's fees. In Indiana, litigants are typically required to pay their own attorney's fees (the "American Rule") unless there is an agreement between the parties, statutory authority, or other rule to the contrary. *Smyth v. Hester*, 901 N.E.2d 25, 32 (Ind. Ct. App. 2009), *trans. denied*. Here, the City sought attorney's fees pursuant to Indiana Code Section 34-13-3-21, which provides in relevant part,

> In any action brought against a governmental entity in tort, the court may allow attorney's fees as part of the costs to the governmental entity prevailing as defendant, if the court finds that plaintiff:
>
> > (1) brought the action on a claim that is frivolous, unreasonable, or groundless;
> >
> > (2) continued to litigate the action after plaintiff's claim clearly became frivolous, unreasonable, or groundless; or

4

(3) litigated its action in bad faith.

This statute is essentially identical to the General Recovery Rule in Indiana Code Section 34-52-1-1(b), and therefore case law analyzing either statute is applicable to the Gillocks' claim.

Our review of an award of attorney's fees generally involves three steps: a review of the findings of fact under the clearly erroneous standard, a review of the legal conclusions de novo, and a review of the trial court's award under an abuse of discretion standard. *Smyth*, 901 N.E.2d at 33. Here, the trial court did not enter findings of fact or conclusions of law in granting the City's motion. In such cases the first step is unnecessary, and as for step two, "we look to the basis of the prevailing party's petition and view the court's order as an implicit legal conclusion consistent with the main thrust of the petition—that the claim or defense at issue was frivolous, unreasonable, groundless, or litigated in bad faith." *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 461 (Ind. 2012).

A claim or defense is frivolous if (a) it is made primarily for the purpose of harassing or maliciously injuring a person, or (b) the lawyer does not make a good faith and rational argument on the merits of the action, or (c) the lawyer does not support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law. *Wolfe v. Eagle Ridge Holding Co.*, 869 N.E.2d 521, 530 (Ind. Ct. App. 2007). "A claim or defense is unreasonable if, based on a totality of the circumstances, including the law and facts known at the time of filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified." *Wyatt v. Wheeler*, 936 N.E.2d 232, 241 (Ind. Ct. App. 2010). A claim is groundless only if no facts exist which support a legal claim

5

presented by the losing party. *Buschman v. ADS Corp.*, 782 N.E.2d 423, 432 (Ind. Ct. App. 2003).

The Gillocks argue that their claim was not frivolous, unreasonable, or groundless or litigated in bad faith because their complaint alleged facts supporting a negligence claim, and they filed it on the last day of the two-year statute of limitations to preserve their rights and dismissed it when they determined that the costs of litigation would outweigh the benefits of any potential recovery. We agree with their contention that their complaint sufficiently pled a negligence claim, and we acknowledge that "[t]horough representation will sometimes require a lawyer to proceed against some parties solely for the purpose of investigation through pre-trial discovery. In such cases, counsel is expected to determine expeditiously the propriety of continuing such action and to dismiss promptly claims found to be frivolous, unreasonable, or groundless." *Kahn v. Cundiff*, 543 N.E.2d 627, 629 (Ind. 1989). The Gillocks' argument ignores the fact that they did absolutely nothing in furtherance of their lawsuit after filing it. They did not respond to the City's interrogatories or requests for production. Half a year passed. The City filed a motion to compel, which the trial court granted, and the Gillocks still did nothing. Finally, the City filed a motion to dismiss, and it was not until the day of the hearing on the City's motion that the Gillocks, almost a year after filing their complaint, filed their motion to dismiss stating that they no longer wished to pursue their claim. The Gillocks fail to offer any explanation as to why they failed to respond to the City's discovery requests, obey the trial court's order, or take any action in furtherance of their claim. The Gillocks' utter failure to act under these circumstances serves

6

as evidence that their claim was not prosecuted in good faith after the original filing. Therefore, we conclude that the trial court's finding that the City's motion for attorney's fees was meritorious was not contrary to law.[2]  As such, we affirm the award of attorney's fees.

## II.  *Appellate Attorney's Fees*

The City requests attorney's fees and costs incurred in this appeal.  Indiana Appellate Rule 66(E) provides that the court on appeal "may assess damages if an appeal … is frivolous or in bad faith" and that such damages may include attorney's fees at the court's discretion.

> Our discretion to award attorney fees under Appellate Rule 66(E) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay.  Moreover, while we have discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal.  A strong showing is required to justify an award of appellate damages, and the sanction is not imposed to punish mere lack of merit, but something more egregious. ….
>
> Indiana appellate courts have categorized claims for appellate attorney fees into substantive and procedural bad faith claims.  To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility.  Substantive bad faith implies the conscious doing of wrong because of dishonest purpose or moral obliquity.

*Poulard v. Laporte Cnty. Election Bd.*, 922 N.E.2d 734, 737-38 (Ind. Ct. App. 2010) (citations and quotation marks omitted).

The City contends that because the trial court found that the Gillocks' claim was frivolous, unreasonable, or made in bad faith, it follows that their appeal is likewise

---

[2] The Gillocks do not argue that the trial court's award was an abuse of discretion.

meritless. We cannot agree. That would essentially bar all appeals of attorney's fees awarded on such grounds. The City also argues that the attorney's fees awarded were so minimal that the Gillocks' decision to appeal the award reflects presumptive bad faith and harassment. Perhaps what appears minimal to the City is not so minimal to the Gillocks. In any event, we cannot conclude that the Gillocks' appeal was utterly devoid of all plausibility or in bad faith. Accordingly, we deny the City's request for appellate attorney's fees.

Affirmed.

BAKER, J., and NAJAM, J., concur.