**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 12 2013, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANTS PRO SE:

**BRIAN SPURLOCK**
**SALLY SPURLOCK**
Fishers, Indiana

ATTORNEYS FOR APPELLEE:

**DARREN A. CRAIG**
**JULIA BLACKWELL GELINAS**
Frost Brown Todd, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN L. SPURLOCK, | ) | |
| SALLY M. SPURLOCK, | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 29A04-1207-MF-345 |
| | ) | |
| | ) | |
| MOREQUITY, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-0808-MF-1540

**March 12, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Brian L. and Sally M. Spurlock ("the Spurlocks"), pro se, appeal the trial court's entry of a judgment of foreclosure against their Fishers, Indiana, property. They make multiple arguments, contending among other things that their due process rights were violated and that there was fraud throughout their dealings with MorEquity. We find, however, that the issues raised by the Spurlocks have already been decided by the bankruptcy court. Therefore, collateral estoppel, specifically issue preclusion, applies, and this appeal is dismissed.

**Facts and Procedural History**

The Spurlocks purchased property at 10941 Geist Road in Fishers, Indiana. On January 28, 2005, the Spurlocks executed an Interest Only Adjustable Rate Note and delivered it to Bay Capital Corp. with a principal amount of $720,000. Appellee's App. p. 45-51. Bay Capital assigned the Note to MorEquity. *Id.* at 43. The Note stated that "[i]nterest will be charged on unpaid principal until the full amount of Principal has been paid." *Id.* at 45. Interest rates could be increased after February 1, 2008. As of February 1, 2008, the Spurlocks were required to pay an annual interest rate of 9.75 percent.

The Note also provided that if the holder of the Note did not receive full payment within fifteen calendar days of it being due, the Spurlocks would be required to pay a late charge of five percent of the overdue payment. If the Spurlocks failed to cure a default payment, the holder of the Note "may require [them] to pay immediately the full amount of Principal that has not been paid and all the interest that [they] owe on that amount." *Id.* at 46. The holder of the Note also had "the right to be paid back . . . for all of its costs

2

and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." *Id.*

On the same day that the Spurlocks executed the Note, they also executed a Mortgage and delivered it to Bay Capital. The Mortgage gave Bay Capital a security interest in the property to secure the repayment of the loan and the Spurlocks' performance of all covenants and agreements created by the Note and Mortgage. The Mortgage secured payment of the Note and required the Spurlocks to pay all taxes and insurance on the property. Like the Note, it also provided that if the Spurlocks defaulted on their payment obligations and failed to cure the defect, the holder of the Note "may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding." *Id.* at 60. It also allowed the lender to "collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." *Id.* The Mortgage was recorded in the Hamilton County Recorder's Office on February 7, 2005, as Instrument number 200500007351. *Id.* at 55. Bay Capital then assigned the Mortgage to MorEquity by a separate instrument, which was recorded in the Hamilton County Recorder's Office on July 26, 2005, as Instrument number 200200046617. *Id.* at 69-71.

The Spurlocks failed to make a payment that was due on March 1, 2008. They then failed to cure their payment default and have not made any payments due under the Note since February 14, 2008. MorEquity filed a Complaint on Note and to Foreclose Mortgage in Hamilton Circuit Court. The Spurlocks answered and filed a counterclaim

3

and third-party complaint, both of which were stricken by the trial court for failure to comply with pleading requirements. The Spurlocks re-filed their amended claims and MorEquity moved to dismiss. The trial court held a hearing on the motion to dismiss, and at the conclusion of the hearing, the trial court notified the Spurlocks of their right to request a settlement conference. A settlement conference was held in May 2010, and the parties were unable to settle their dispute. The trial court then dismissed the amended counterclaim with prejudice.

The Spurlocks then filed a second amended counterclaim, which the trial court again dismissed with prejudice. In December 2011, MorEquity filed a motion for summary judgment. A hearing on the motion was conducted on March 16, 2012, and on March 21, 2012, the Spurlocks filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. The trial court then granted MorEquity's motion for summary judgment, but the order was not enforceable due to the Spurlocks' bankruptcy proceedings.

MorEquity filed a motion for relief from stay, and the Spurlocks filed a written objection that was later withdrawn. The bankruptcy court lifted the automatic stay, finding that "MorEquity is the holder and party entitled to enforce the Note," and the "Note is secured by a valid first priority Mortgage on the Real Estate . . . ." Mot. to Dismiss Appeal, Ex. 6. It also found that the Spurlocks "do not have any equity in the Real Estate and have purposed [sic] to surrender the Real Estate upon a finding by this court that MorEquity is the party entitled to enforce the Mortgage and Note." *Id.*

4

MorEquity then asked the trial court to enter a judgment of foreclosure. The Spurlocks did not file any opposition to the entry of judgment.

On June 20, 2012, the trial court entered an order vacating its prior summary judgment order and entering a judgment of foreclosure. The Spurlocks appealed to this Court. MorEquity moved to dismiss the Spurlocks' appeal on the grounds of issue preclusion and judicial estoppel because the bankruptcy court had already decided the questions at issue when it lifted the automatic stay. That motion has been held in abeyance until we have had the chance to consider it.

**Discussion and Decision**

The Spurlocks make multiple arguments on appeal, focusing mostly on the contention that they were denied due process of law and that there was the presence of fraud in their dealings with MorEquity. However, we find that this appeal should be dismissed due to collateral estoppel, specifically issue preclusion, so we need not address these arguments.

Collateral estoppel "bars subsequent litigation of a fact or issue which was adjudicated in previous litigation if the same fact or issue is presented in a subsequent lawsuit." *Fitz v. Rust-Oleum Corp.*, 883 N.E.2d 1177, 1182 (Ind. Ct. App. 2008), *reh'g denied*, *trans. denied*. In that circumstance, the first adjudication will be held conclusive even if the second action is on a different claim. *Portside Energy Corp. v. N. Ind. Commuter Transp. Dist.*, 913 N.E.2d 221, 234 (Ind. Ct. App. 2009), *trans. denied*. Collateral estoppel requires the necessary adjudication in a former suit of the same issue presented in a subsequent suit. *Id.* at 235. The former adjudication can only be

5

conclusive as to those issues that were actually litigated and determined therein. *Id.* Collateral estoppel does not extend to matters that were not expressly adjudicated and that can be inferred from the prior adjudication only by argument. *Id.* Issue preclusion requires, among other things, identity of issues. *Id.* A two-part analysis determines whether collateral estoppel should be applied: "(1) whether the party against whom the former adjudication is asserted had a full and fair opportunity to litigate the issue and (2) whether it would be otherwise unfair under the circumstances to permit the use of issue preclusion in the current action." *Fitz*, 883 N.E.2d at 1182-83.

In this case, the Spurlocks had a full and fair opportunity to litigate the issue. The issues were expressly adjudicated in a bankruptcy proceeding, which has been held by this court to "bar[] relitigation of the factual issues . . . ." *Indianapolis Podiatry, P.C. v. Efroymson*, 720 N.E.2d 376, 382 n.9 (Ind. Ct. App. 1999), *trans. denied.* Specifically, the bankruptcy court found that "MorEquity is the holder and party entitled to enforce the Note," and the "Note is secured by a valid first priority Mortgage on the Real Estate . . . ." Mot. to Dismiss Appeal, Ex. 6. It also found that the Spurlocks "do not have any equity in the Real Estate and have purposed [sic] to surrender the Real Estate upon a finding by this court that MorEquity is the party entitled to enforce the Mortgage and Note." *Id.* Therefore, the bankruptcy court found that the Spurlocks would have to surrender their real estate in a foreclosure proceeding as MorEquity was entitled to enforce the Mortgage and Note. The Spurlocks objected to and then later withdrew their objection to the bankruptcy court's order to lift the stay. This made the bankruptcy court's order a judgment entered by consent, which we have also held is entitled to preclusive effect and

6

prevents relitigation of the issues decided by the judgment. *Hanover Logansport, Inc. v. Robert C. Anderson, Inc.*, 512 N.E.2d 465, 471 (Ind. Ct. App. 1987). Therefore, while the Spurlocks chose not to challenge the bankruptcy court's decision, they were given a full and fair opportunity to do so.

Also, it would not be unfair to permit issue preclusion in this case. The bankruptcy court fully decided all of the relevant issues before the trial court entered the judgment of foreclosure. These findings were reached after a full and just proceeding in the bankruptcy court, so there are no circumstances that would make the application of issue preclusion unfair in this instance.

Since the bankruptcy court has already adjudicated this issue, issue preclusion prevents our further review. We therefore find that this appeal is dismissed.

Dismissed.

BAILEY, J., and BROWN, J., concur.